**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALIX MARIE STACEY** | ) | **CASE NO. 1:26 CV 00276** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **CITY OF MANSFIELD, et al.,** | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| **Defendants.** | ) | |

## I. Introduction

*Pro se* plaintiff Alix Marie Stacey filed this civil rights action under 42 U.S.C. § 1983 against the City of Mansfield, the Mansfield Police Department, and Scott McFarland. (Doc. No. 1). Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants the application.

## II. Background

Plaintiff's complaint contains very few facts. Plaintiff alleges that Defendants engaged in a pattern of "harassment, intimidation, and record-tampering." (Doc. No. 1 at 4). She appears to claim that Defendant Scott McFarland is using police officers to harass her. (*Id.* at 5). She claims that on January 16, 2026, the Mansfield Police Department "claimed only one contact record existed" for Plaintiff's address, despite evidence of a "civil visitation" contact; police officers have repeatedly engaged in night-time harassment, including "undocumented civil visits and

flashlight surveillance in coordination with an incarcerated individual's family"; Plaintiff called the FBI "over fear of retaliation"; and on January 20, 2026, the Mansfield Police Department informed Plaintiff that she was obstructing an investigation, she would be arrested for not following a civil visitation dispute, and "they will continue to come to my home and harass me till they can arrest me for obstructing visitation." (*Id.* at 7).

In an exhibit list, Plaintiff reports that a neighbor heard a man, who he presumed to be the defendant, "bearing on my front door." (Doc. No. 1-2 at 1-2). Plaintiff also attaches a purported record of a call wherein Plaintiff reported "retaliation from Richland County Domestic Relations Court Judge Beth Allen Owens in fear of my own life of her retaliating against me with police force"; a report from the Mansfield Police Department of a welfare check on Plaintiff's minor children; and a statement regarding the police "beating on my front door again and flashing light into my home trying to find out if I was home making me feel like I was in trouble and a criminal of the law." (*Id.* at 2).

The Court's review of the Richland County Domestic Relations Court reveals that Ms. Stacey is a defendant in a paternity action involving Ms. Stacey and Spencer McFarland. *See McFarland v. Stacey*, No. 2023PAT0104 (Richland Cnty. Dom. Rel. Ct. Feb. 14, 2023). According to the docket, Scott McFarland, grandfather of Ms. Stacey's minor children, is seeking custody of the minor children. And these state court proceedings remain pending. (*Id.*).

Plaintiff alleges a violation of the First, Fourth, and Fourteenth Amendments. For relief, she seeks a restraining order against the Mansfield Police Department, a declaration that the City of Mansfield violated her civil rights through "retaliatory harassment and the manipulation of official police logs," an order requiring the City of Mansfield to produce all "ghosted" or

-2-

unlogged records regarding dispatch calls to her residence, and compensatory relief. (Doc. No. 1 at 5).

### III. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### IV. Discussion

Despite the complaint's lack of factual allegations, Plaintiff clearly seeks the Court's involvement in Plaintiff's Richland County Domestic Relations Court case concerning the custody of her minor children. This Court does not have legal authority to intervene in a pending state court action or compel a state court judge to rule differently. *See, e.g., Lathan v. Goulding*, No. 3:16-CV-01519, 2018 WL 3222594, at *2 (N.D. Ohio July 2, 2018). Federal District Courts are not appellate courts over the state court system and have no general power to control state court actions. Rather, Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute.").

Moreover, our structure of government urges federal courts to abstain from exercising jurisdiction over a claim when ruling on the claim would interfere with ongoing state proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971) ("[W]e have concluded that the judgment of the District Court, enjoining appellant Younger from prosecuting under these California statutes, must be reversed as a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances.").

Further, Plaintiff fails to state a plausible claim against any of the defendants. To state a

-4-

claim under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,48,108 S. Ct. 2250,101 L. Ed. 2d 40 (1988); *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citations omitted). To be considered to have acted "under color of state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937,102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,352, 95 S. Ct. 449,42 L. Ed. 2d 477 (1974).

Here, Scott McFarland, the grandfather of Plaintiff's minor children, is a private party, not a state government official. And there is no suggestion in the complaint that McFarland was acting on behalf of, or obtaining significant aid from, the state such that his conduct was considered state action. Plaintiff's conclusory allegation that McFarland is using the police officers to harass her is insufficient. Nor does Plaintiff allege any facts suggesting that this defendant exercised a power that is reserved exclusively for the State of Ohio. McFarland is therefore not subject to liability under Section 1983.

Additionally, Section 1983 does not permit a plaintiff to sue a local government entity or municipality on the theory of respondeat superior for an injury allegedly inflicted solely by its employees or agents. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94, 98 S.

-5-

Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, municipal liability attaches when an injury is caused by implementing an official policy or custom adopted by the government entity. *Id.* at 694. "Beyond having to identify 'conduct properly attributable to the municipality,' a plaintiff 'must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. In other words, 'a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'" *Brown v. Chapman*, 814 F.3d 447, 462 (6th Cir. 2016) (quoting *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997)). Here, the complaint fails to suggest that any customs or policies of Richland County or the City of Mansfield caused Plaintiff's alleged injuries. Plaintiff therefore fails to state a claim for relief against the City of Mansfield.

And the Mansfield Police Department is not an entity capable of being sued. *See Lawson v. City of Youngstown*, 912 F. Supp. 2d 527, 531 (N.D. Ohio 2012) (collecting cases and holding that Ohio courts and police departments are not *sui juris* for purposes of suit under § 1983); *Lloyd v. City of Streetsboro*, 2018 U.S. App. LEXIS 36090, 2018 WL 11298664, at *3 (6th Cir.) ("We have held that, under Ohio law, sheriff's and police departments are not entities capable of being sued under § 1983."). Therefore, Plaintiff fails to state a claim for relief against the Mansfield Police Department.

Finally, to the extent Plaintiff alleges any state law claims against Defendant McFarland, the Court declines to exercise supplemental jurisdiction. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims

are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's purported state law claims, which are better resolved by the Ohio courts.

### V. Conclusion

The Court grants Plaintiff's application to proceed *in forma pauperis*. (Doc. No. 2).

For the foregoing reasons, the Court dismisses the action pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED**.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 28, 2026

-7-